FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

2026 MAY -1 PM 2:43

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

YOSHI D. MATTHEWS,
Plaintiff,

v.

UNITED STATES OF AMERICA, / Internal Revenue service ) YM
Defendant.

## COMPLAINT FOR DAMAGES AND INTEREST

(Under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680)

### I. PARTIES

Plaintiff Yoshi D. Matthews is an individual residing in this District and the owner of a tax preparation business that participated in the Internal Revenue Service electronic filing authorization program.

Defendant is the United States of America, acting through the Internal Revenue Service ("IRS").

### II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1346(b) for claims arising from the negligent or wrongful acts of federal employees acting within the scope of their employment.

Plaintiff exhausted administrative remedies by filing a claim with the IRS, which was denied on March 18, 2026 (Exhibit A).

This action is timely filed within six (6) months of that denial pursuant to 28 U.S.C. § 2401(b).

Venue is proper in this District under 28 U.S.C. § 1402(b) because Plaintiff resides here and the events giving rise to this claim occurred here.

### III. NARROWED NATURE OF CLAIM (SINGLE LEGAL THEORY)

This action is limited to the IRS's negligent investigation, determination, and prolonged maintenance of Plaintiff's Electronic Filing Identification Number ("EFIN") eligibility status.

Plaintiff does not challenge any tax assessment, audit, liability determination, enforcement action, or collection activity.

The EFIN system is an administrative credentialing program that governs eligibility to participate in electronic filing services. It is a licensing-type authorization system and does not determine, assess, or collect tax liability.

Accordingly, this claim arises solely from administrative negligence in maintaining Plaintiff's eligibility status and is not barred by 28 U.S.C. § 2680(c).

1

## IV. FACTUAL ALLEGATIONS

Plaintiff operated a tax preparation business that required valid EFIN authorization to electronically file tax returns on behalf of clients.

On or about November 12, 2014, the IRS revoked Plaintiff's EFIN and removed Plaintiff from the electronic filing authorization program (Exhibit B).

This action immediately terminated Plaintiff's ability to access the IRS electronic filing system and operate his business in its ordinary course.

Plaintiff pursued administrative remedies through the IRS Independent Office of Appeals.

For an extended period thereafter, the IRS maintained Plaintiff's ineligibility determination without reversal or correction.

On January 7, 2025, the IRS Independent Office of Appeals reversed the prior determination in full and reinstated Plaintiff's eligibility to participate in the electronic filing program (Exhibit C).

This reversal constitutes the first official agency determination that Plaintiff was eligible to participate in the program, and that prior maintenance of ineligibility was unwarranted.

Throughout the period between 2014 and 2025, Plaintiff was deprived of lawful access to the electronic filing system, resulting in loss of business operations, revenue, and professional opportunity.

## V. LEGAL BASIS FOR LIABILITY

The IRS owed Plaintiff a duty to exercise reasonable care in investigating, evaluating, and maintaining determinations regarding eligibility for participation in the electronic filing program.

The IRS breached that duty by:

- Failing to maintain a reasonable factual basis for Plaintiff's continued ineligibility

- Negligently maintaining a revoked status without adequate justification

- Failing to timely correct an erroneous administrative determination

- Allowing Plaintiff's exclusion from the electronic filing program to continue without proper review or correction

This conduct constitutes negligent administration of an eligibility determination within the scope of the Federal Tort Claims Act.

## VI. DAMAGES

As a direct and proximate result of Defendant's negligence, Plaintiff suffered:

- Loss of business income and profits

- Loss of clients and professional opportunities

2

- Business interruption and operational impairment

- Reputational harm within the tax preparation industry

- Costs associated with administrative proceedings

Plaintiff seeks compensatory damages in the amount of **$12,508,650.00**, consistent with the administrative claim submitted to the IRS.

Plaintiff further seeks pre-judgment and post-judgment interest as permitted by law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

- Enter judgment in favor of Plaintiff;

- Award compensatory damages in the amount of $12,508,650.00;

- Award pre-judgment and post-judgment interest as permitted by law;

- Award costs of this action;

- Grant such other relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**

/s/ Yoshi D. Matthews
Yoshi D. Matthews

Yoshi D. Matthews
121 Paige Park Lane
Goodlettsville, TN 37072
Phone: 901.645.9594
Phone: 901.799.2530
Email:ydmatthews01@gmail.com
Plaintiff

3